UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FERNANDO R. CALDERON and
SANDRA CRISTINA BRAVO,

    Plaintiffs,

v.                                                  CASE NO. 8:17-cv-2601-T-02CPT

BANK OF AMERICA, N.A.,

    Defendant.
_____/

## O R D E R

Upon due consideration of Defendant's Motion to Strike Jury Trial Demand (Dkt. 66), Plaintiff's response (Dkt. 73), and Defendant's reply (Dkt. 78), the Court concludes the motion should be granted.

The mortgage executed by Plaintiffs in favor of Defendant contains the following jury waiver provision:

> **15. Jury Trial Waiver.** The Borrower hereby waives any right to trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note.

Dkt. 66 at 19. Plaintiffs' fraud claim falls within the scope of the waiver as any claim "arising out of or in any way related to this" mortgage. *See, e.g.*, *Fleeger v. Wachovia Bank*, No. 5:12-cv-294-Oc-32PRL, 2013 WL 1760190, at *3 (M.D. Fla.

Apr. 24, 2013) and other cases cited in the motion (Dkt. 66 at 5). Plaintiffs have failed to show that Defendant lacks standing as a mortgage servicer to enforce the jury trial waiver. *See* cases cited or distinguished at docket 78, pages 1-2. Nor have Plaintiffs convinced this Court that the jury trial waiver is anything other than knowing and voluntary, or that Defendant waived its right to contest by waiting too long.[1]

Accordingly, Defendant's Motion to Strike Jury Trial Demand (Dkt. 66) is granted. Plaintiff's demand for a jury trial is hereby stricken. This case will proceed to a bench trial set for the March 2020 trial term commencing March 2, 2020.

**DONE AND ORDERED** at Tampa, Florida, on July 15, 2019.

    s/*William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>: Counsel of Record

---

[1] Defendant objected to the jury demand when the parties filed their joint case management report. Dkt. 43 at 2. By doing so, Defendant did not consent to a trial by jury. *Cf. Affiliati Network, Inc. v. Wanamaker*, 1:16-cv-24097, 2017 WL 7311893, at *3 (S.D. Fla. Aug. 21, 2017) (citing cases for proposition that signing case management report containing jury trial election, without objection, amounts to consent); *Roth v. Nationstar Mortg., LLC*, No. 2:15-cv-783-FtM-29MRM, 2016 WL 7473818, at *2 (M.D. Fla. Dec. 29, 2016) (same). Moreover, Plaintiffs have not demonstrated how they will be prejudiced. *See Acciard v. Whitney*, No. 2:07-cv-476-FtM-36DNF, 2011 WL 4902972 (M.D. Fla. Oct. 13, 2011) (granting motion to strike jury trial filed more than a year after demand was made, and finding judicial economy promoted trying case before court).